**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISONGUO ELIRINGIA LYIMO, | No. 08-71248 |
| Petitioner, | Agency No. A075-197-570 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN and LEAVY, Circuit Judges.

Elisonguo Eliringia Lyimo, a native and citizen of Tanzania, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We grant in part and deny in part the petition for review, and we remand.

Lyimo testified that the police and members of the ruling CCM party threatened and beat him, his home was vandalized, and his father's business was destroyed, all on account of his political activities with an opposing political party. Viewed cumulatively, a reasonable fact finder would be compelled to conclude that the harms Lyimo experienced amount to persecution on account of a protected ground by both the government and those who the government was unwilling or unable to control. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1120-21 (9th Cir. 2004) (holding that death threat, violence against family members, mob confrontation, emotional trauma, economic harm, and vandalism, together, rose to level of persecution); *Singh v. INS*, 94 F.3d 1353, 1360 (9th Cir. 1996) ("There is no question that persistent death threats and assaults on one's life, family, and business rise to the level of persecution within the meaning of the Act."). The agency's finding that the harm Lyimo suffered does not constitute past persecution is not supported by substantial evidence.

Because Lyimo demonstrated past persecution he is entitled to a presumption of future fear. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). The agency did not reach the question of whether this presumption would have been rebutted. Accordingly, we grant the petition for review as to Lyimo's asylum and withholding of removal claims, and remand for the agency to apply the presumption of future fear in its analysis of these claims. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In addition, upon remand, the agency should allow Lyimo an opportunity to respond to the 2006 State Department Country Report for Tanzania. *See Circu v. Gonzales*, 450 F.3d 990, 994-95 (9th Cir. 2006) (en banc).

Finally, substantial evidence supports the agency's denial of CAT relief because Lyimo has not shown it is more likely than not that he will be tortured if returned to Tanzania. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**